## WILLIAMSBURG WOOD HEEL CO., Inc., v. ZIEGLER BROS. CO.

(District Court, E. D. Pennsylvania. December 9, 1924.)

No. 2713.

1. **Receivers ⬤➛91—Creditor, accepting payment made by receiver under order of court, is bound thereby.**

A landlord, who accepted from a receiver rent fixed by an order of court and accepted a surrender of the lease, is concluded thereby, and cannot make further claims for rent.

2. **Receivers ⬤➛77(1)—Landlord held not to have a lien on property in the hands of a receiver.**

A provision of a lease that property of the lessee on the premises shall be liable to distress for the cost of repairs *held* to give the landlord no lien on the property in the hands of a receiver, where no levy had been made.

In Equity. Suit by the Williamsburg Wood Heel Company, Inc., against the Ziegler Brothers Company. On exceptions to report of special master. Exceptions dismissed, and report confirmed.

Brown & Williams and Arthur S. Minster, all of Philadelphia, Pa., for exceptants.

J. Howard Reber, of Philadelphia, Pa., opposed.

THOMPSON, District Judge. [1] I agree with the conclusion of the special master that the claim of the Quaker Lace Company for $935 has no standing which entitles it to priority. The order entered by Judge Dickinson authorized the receiver to surrender the premises to the landlord upon payment of the rental for October and half of that for November, and of certain liquidated items due under the lease. The order contains the following provision:

"It is further ordered that the damages sustained by the landlord are fixed at $935, payment of which, or any dividends which may be payable thereon, shall await the audit of the receiver's first account."

This clearly indicates that the item of $935 was to be paid qua damages, and not qua rent. Under the authority contained in the order, the landlord accepted the amounts ordered to be then paid and canceled the lease. If the landlord was not willing to accept a surrender of the lease under the authority given the receiver, it was at liberty to refuse to do so. Having accepted the terms of the order, and both parties having acted upon them, it cannot now complain if it is held thereby.

[2] There is nothing in the lease providing that the cost of repairs shall be paid as part of the rental of the premises. There is a covenant that the lessee shall keep the premises in repair, and there is another covenant that all goods and property of the lessee on the demised premises shall be liable to distress for repairs to or replacing electric fixtures and wiring or other property of the lessor. If this covenant includes such repairs as are included in the item of $935, nevertheless the landlord acquired no lien under the covenant upon the property of the defendant, for he had not made a levy for the cost of the repairs.

The exceptions to the report of the special master are dismissed, and the report and supplemental report are confirmed.